Dominick Valentine, Appellant, *v.* Catskill Bridge & Iron Works, Inc., Respondent.

Catskill Bridge & Iron Works, Inc., Plaintiff, *v.* D. Valentine, Defendant.

Third Department, December 2, 1958.

*N. Joseph Friedman* for appellant.

*Alex Wiltse, Jr.,* for respondent.

*Per Curiam.* These are cross actions for accounting by parties to a joint venture. One of the parties is a corporation which in this action has been treated as though its president Francis H. D'Avella was the party; the other party is Dominick Valentine.

The joint venture was set up late in 1955 to bid on work to be done under the Federal Flood Relief Program. Two contracts were obtained, one being bridge replacements and stream clearing in Albany County; the other a bridge reconstruction at Newburgh.

In the controversy, as it was left at the end of the trial to the Official Referee for determination, two factual issues required resolution: (a) whether in addition to an equal division of profits and losses to be expected from a joint venture such as this, the appellant Valentine would receive weekly compensation for his services; and (b) whether Valentine would receive rental for the machinery and equipment which went into the joint venture.

On these two issues, the Official Referee found against Valentine; and our reading of the record upon which the determination was based leads us to think that the factual resolution thus made was the right one.

The agreement setting up the joint venture was not reduced to writing. This informality, as might be expected, became a pregnant source of controversy. When one looks at the probabilities in an undertaking of this kind, and from the way the parties acted at once after they had made this agreement of

joint venture, it seems reasonable to think that each would contribute his services to the venture.

Appellant Valentine acted consistently with this and conceded that from the beginning he had never received any salary for his services. At a meeting between the parties in the presence of a lawyer and others on April 26, 1956, five months after the venture had started, the parties by mutual accord each were paid specific amounts, Valentine's payment of $1,500 not being on account of salary, but as an '' advance '' on profits.

The testimony of witnesses other than the parties shows that no claim of salary due was made by Valentine at this conference. Valentine's own explanation of why he had never been paid a salary was that it was agreed originally that he was to receive the $125 a week salary; but that this was never effective because he had agreed to waive this if D'Avella devoted his time to the Newburgh job.

Ultimately Valentine's theory of his right to salary is based on his contention that D'Avella did not sufficiently devote himself to the Newburgh job; and, therefore, the waiver of Valentine's salary became abrogated. But there is proof not only that D'Avella did work on the Newburgh job, but it is overwhelmingly established by the testimony of other witnesses that after a controversy had arisen between the parties as to how much work he did or should have done there, the two parties reached an accord as to when and how D'Avella should thereafter work.

Besides this, the testimony of D'Avella was that there had been no agreement to pay $125 a week to Valentine and that he D'Avella, had performed fully his own part of the joint venture as far as services were concerned. On this issue we reach the same conclusion as that of the Official Referee.

On the claim for rental charges for Valentine's equipment, it is admitted that no bills were presented by him on this claim as the work went along. He generalized that at first it was agreed he be paid an hourly rate; and then a monthly rate. He testified that D'Avella '' refused to pay me an hourly rental '' and then '' was going to pay me a monthly rental '' but '' when we tried to get it down in writing '' D'Avella proposed something else. The '' result '' was '' I didn't get paid.'' This seems to us to suggest merely an open claim not agreed upon.

There is proof that at the conference between the parties Valentine treated his demand for machine rental as an afterthought; and when D'Avella indignantly refused to agree to it, Valentine said nothing at all about its being part of the original

agreement. D'Avella testified both parties agreed in undertaking the joint venture to use of their respective pieces of equipment without charging the joint venture. This seems quite credible and we are of opinion the Official Referee was also right on this issue.

The judgment should be affirmed, with costs to respondent.

Foster, P. J., Bergan, Coon, Gibson and Herlihy, JJ., concur.

Judgment affirmed, with costs to the respondent.